UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TONY LEROY CLEVELAND, No. 10468-062

      Petitioner,

  v.

WARDEN WADAS, FCI-Marion,

      Respondent.

Case No. 26-cv-322-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Tony Leroy Cleveland's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1). The petitioner is incarcerated at the Federal Correctional Institute at Marion, Illinois, where the respondent is the warden. The petitioner is challenging his conviction for a violation of 18 U.S.C. § 924(c) on the grounds that he is actually innocent of the crime. He argues the Suspension Clause prohibits eliminating all meaningful avenues for challenging unlawful detention. He seeks expedited review and appointment of counsel. However, in light of *Jones v. Hendrix*, 599 U.S. 465 (2023), he may not use § 2241 to collaterally attack his sentence.

This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other *habeas corpus* cases.

The petitioner attempts to take advantage of § 2255's "savings clause," but that route to

relief is no longer available to him after *Jones*.  He must seek relief under § 2255, and the Court

must dismiss this § 2241 petition.

## I.   Background

Cleveland provides little information about his criminal conviction in the Northern

District of Oklahoma, No. 08-cr-163, but the Court was able to uncover its details on its own:

> Mr. Cleveland pleaded guilty to one count of interference with commerce (Hobbs
> Act robbery), *see* 18 U.S.C. § 1951, and two counts of possession of a firearm in
> furtherance of a crime of violence, *see* 18 U.S.C. § 924(c).  Pursuant to the plea
> agreement, the remaining six counts, including two additional § 924(c) counts,
> were dismissed.  The district court determined the applicable Guidelines range
> was 571 to 608 months.  As pertinent here, the range was based on the then-
> applicable requirement that consecutive sentences be imposed for multiple
> § 924(c) convictions, and the court's finding that Mr. Cleveland's prior state
> convictions for robbery with a firearm and assault with a dangerous weapon made
> him a career offender.  The court sentenced him to consecutive prison terms
> totaling 571 months.  He unsuccessfully sought relief pursuant to 28 U.S.C.
> § 2255.

*United States v. Cleveland*, No. 24-5025, 2024 WL 4553795, at *1 (10th Cir. Oct. 23, 2024).

## II.   Analysis

In this case, Cleveland suggests that he was imprisoned for conduct that was not

criminalized by statute and that he is entitled to relief from his conviction under 18 U.S.C.

§ 924(c) for "structural innocence."  He asserts that the hurdle to relief under § 2241 created by

*Jones v. Hendrix*, 599 U.S. 465 (2023), violates the Suspension Clause.  He asks the Court for

expedited review and appointment of counsel.

Contrary to his assertion otherwise, his collateral attack on his sentence is not cognizable

in a § 2241 proceeding in light of *Jones*, which held that a motion under 28 U.S.C. § 2255 is the

sole method of collaterally attacking a sentence.

Generally, an inmate must bring a challenge to his sentence in a § 2255 motion in the

district of his conviction.  *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019).  He is limited to

2

one § 2255 motion and may file a second or successive motion only if he relies on "newly discovered evidence," § 2255(h)(1), or "a new rule of constitutional law," § 2255(h)(2), as his basis for relief.  However, there is an exception to this rule under the "savings clause" of § 2255(e), which allows an inmate to attack his sentence in a § 2241 petition in the district of his incarceration where a § 2255 motion is "inadequate or ineffective to test the legality of his detention."

The Court of Appeals for the Seventh Circuit used to take the position that § 2255 was "inadequate or ineffective to test the legality of [an inmate's] detention" if the inmate did not have "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998).  It held that this occurs where "(1) the claim relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice." *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019).  That is, the Seventh Circuit Court of Appeals allowed an inmate to collaterally attack a sentence in a § 2241 petition based on new rules of *statutory* law that he could not have raised in his criminal proceeding or in a § 2255 motion, either because of timing or the limitation on successive petitions.  This is no longer good law.

The Supreme Court held in *Jones* that § 2255 is not "inadequate or ineffective to test the legality of [an inmate's] detention" in the situations allowed by *In re Davenport* and many other Courts of Appeal.  *Id.* at 477.  On the contrary, § 2255 is only "inadequate or ineffective" to challenge a sentence in "unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court," such as, for example, where the court of

3

conviction no longer exists.  *Id.* at 474.  The Court held that allowing a collateral attack in a § 2241 petitions in any other circumstance would work an end-run around § 2255(h)'s limitations on successive collateral attacks to two, and only two, circumstances—"newly discovered evidence," § 2255(h)(1), or "a new rule of constitutional law," § 2255(h)(2).  *Id.* at 477.  The Court drew a "straightforward negative inference" from this limitation—that no other successive collateral attacks on a sentence are allowed, period.  *Id.* at 477-78.

It further reasoned that:

> § 2255(h)(2)'s authorization of a successive collateral attack based on new rules "of *constitutional* law" implies that Congress did not authorize successive collateral attacks based on new rules of *nonconstitutional* law.  Had Congress wished to omit the word "constitutional," it easily could have done so.

*Id.* at 478.  Thus, § 2241 is not available to challenge a sentence where an inmate has already filed a § 2255 motion and is barred from filing another because his challenge relies on a change in *nonconstitutional* law, and therefore does not fall within the gateway criteria of § 2255(h).  That inmate cannot bring his statutory claim at all.  *Id.* at 480.

The Supreme Court further held that the rule of *Jones* does not violate the Suspension Clause.  *Id.* at 482-87; *Robinson v. Lammer*, 162 F.4th 853, 856 (7th Cir. 2025), *reh'g denied*, 2026 WL 616756 (7th Cir. Mar. 4, 2026) (quoting *Lindh v. Murphy*, 96 F.3d 856, 867-68 (7th Cir. 1996) (*en banc*), *reversed on other grounds*, 521 U.S. 320 (1997)).

## III.    Conclusion

For the foregoing reasons, the Court **DISMISSES with prejudice** Cleveland's petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1) and **DIRECTS** the Clerk of Court to enter judgment accordingly.  The Court further finds that the presence of counsel would not have had a reasonable chance of changing the result of the case.  Accordingly, the Court **DENIES** the petitioner's request for appointment of counsel.  It further **DENIES** his request for

expedited review as the Court has been able to dispose of this case promptly in its normal timeframe.

If the petitioner wishes to appeal this decision, generally he must file a notice of appeal with this Court within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion under Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from judgment, do not toll the deadline for an appeal.

If the petitioner files a motion for leave to appeal *in forma pauperis*, he must include in his motion a description of the issues he intends to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If he appeals and is allowed to proceed *in forma pauperis*, he will be liable for a portion of the $605.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).

It is not necessary for the petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**
**DATED:  May 22, 2026**

_____
**J. PHIL GILBERT**
**DISTRICT JUDGE**

5