UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TONY LEROY CLEVELAND, No. 10468-062,

Petitioner,

v.

WARDEN WADAS, FCI-Marion,

Respondent.

Case No. 26-cv-322-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Tony Leroy Cleveland's motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the Court's May 22, 2026, order and judgment (Docs. 7 & 8) dismissing his motion for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1). The Court dismissed the petition pursuant to *Jones v. Hendrix*, 599 U.S. 465 (2023), which prohibits him from collaterally attacking his sentence in a § 2241 petition. With his motion for reconsideration is a motion for leave to proceed on appeal *in forma pauperis*, which clearly demonstrates Cleveland's desire to appeal the Court's dismissal order and judgment to the Court of Appeals.

## I.    Motion for Reconsideration

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020). A "manifest error" occurs when the district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citations omitted). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to

introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876; *accord A&C Constr.*, 963 F.3d at 709. The Court's orders "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *A&C Constr.*, 963 F.3d at 709 (internal quotations and citation omitted). Rule 59(e) relief is only available if the movant clearly establishes a manifest error of law or fact or newly discovered evidence that precluded entry of judgment. *Reilly v. Will Cnty. Sheriff's Office*, 142 F.4th 924, 929 (7th Cir. 2025); *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)). It is generally reserved for extraordinary cases. *Reilly*, 142 F.4th at 929.

Cleveland points to no newly discovered evidence or manifest error of law and has not said anything justifying extraordinary measures. The Court fully understood the arguments he made in his petition and remains convinced that its decision to dismiss his petition was correct. The Court will therefore deny his Rule 59(e) motion to alter or amend the judgment.

## II.    Motion for Leave to Proceed on Appeal *In Forma Pauperis*

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); Fed. R. App. P. 24(a)(3)(A). A frivolous appeal cannot be made in good faith. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). The test for determining if an appeal is in good faith or not frivolous is whether any of the legal points are reasonably arguable on their merits. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738 (1967)); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

The Court is satisfied from Cleveland's affidavit and the trust fund statement he filed at Document 4 that he is unable to pay the $605 appellate filing fee and is therefore indigent. However, his appeal is frivolous and not taken in good faith because it is clear that *Jones v.*

2

*Hendrix*, 599 U.S. 465 (2023), bars his § 2241 petition.  The Court will therefore deny Cleveland's motion for leave to proceed on appeal *in forma paupers*.

## III.    Notice of Appeal

The Court construes Cleveland's motion for leave to proceed on appeal *in forma pauperis* as a notice of appeal of the final order and judgment in this case.  The motion satisfies the requirements for a notice as set forth in Federal Rule of Appellate Procedure 3(c)(1); it contains the name of the party taking the appeal and the judgment from which the appeal is being taken, and, although not specifically named, it is clear Cleveland wants to appeal to the Court of Appeals for the Seventh Circuit, the court that reviews this Court's orders and judgments.  Further, the appeal of the Court's May 22, 2026, order and judgment is timely as the postmark on Cleveland's mailing envelope indicates it was placed into the U.S. Postal Service's hands on June 17, 2026, well within the 60 days allotted by Federal Rule of Appellate Procedure 4(a)(1)(B)(iii).  Accordingly, the Court will order the motion to be treated as a notice of appeal.

## IV.    Conclusion

For the foregoing reasons, the Court:

- **DENIES** Cleveland's motion to alter or amend the judgment (Doc. 9);

- **DENIES** Cleveland's motion for leave to appeal *in forma pauperis* (Doc. 9).  Within 30 days, Cleveland may reapply to the Court of Appeals for leave to proceed *in forma pauperis*, Fed. R. App. P. 24 (a)(5);

- **DIRECTS** the Clerk's Office to docket pages 4 and 5 of Document 9 as a notice of appeal using the original filing date of June 22, 2026.

**IT IS SO ORDERED.**
**DATED:  July 21, 2026**

**J. PHIL GILBERT**
**DISTRICT JUDGE**

3